960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donna Triggs MITCHELL, Defendant-Appellant.
 No. 90-5483.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 7, 1991
Decided: April 23, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-188-2)
 Thomas W. Smith, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Jacquelyn I. Custer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donna Triggs Mitchell pled guilty to one count of crack cocaine distribution (21 U.S.C. § 841) and appeals the guideline sentence imposed on her. We affirm.
 
 
 2
 Mitchell and her source, Henry Davis, were both arrested after Mitchell's third sale of crack to a confidential informant. While Mitchell pled guilty and cooperated with authorities, she did not provide them with any significant additional information. At sentencing, Mitchell requested an offense level reduction on the ground that she was a minor or minimal participant under U.S.S.G.s 3B1.2. She alleged that Davis was a high volume drug dealer who sold to many people and that she was, therefore, a minor part of his whole operation. After a continuance, during which Mitchell's lawyer prepared a memorandum in support of her motion, the sentencing court denied the reduction, finding that the information before the court showed only that Mitchell and Davis had acted as partners in the offenses charged. After the court's ruling, Mitchell's lawyer offered to put her on the stand. The judge said she could testify for the record, but that the court's ruling would not change. Mitchell did not take the stand.
 
 
 3
 On appeal, Mitchell argues that the sentencing court erred in stating that it would not consider evidence she could have offered and in thereby refusing to consider all relevant conduct in determining her sentence.
 
 
 4
 A defendant's role in the offense is a factual question to be determined under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989).
 
 
 5
 Under § 1B1.3(a)(2), relevant conduct which should be considered in determining adjustments as part of a sentence on a drug conviction includes all acts which were part of the same common scheme or plan as the count of conviction. Mitchell had ample opportunity to make known any information she possessed about a larger conspiracy in which she might have been found a minor participant. On the information before it, the sentencing court's finding that a minor or minimal participant reduction was unjustified was not clearly erroneous. See United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990) (defendant not entitled to minor role adjustment when he offered no evidence that anyone else was involved in the offense). After the court's ruling, Mitchell had the opportunity to make whatever statements she chose for the record, but made none. Her brief argues that she provided evidence of "a much larger enterprise." However, the only evidence in the record is that she bought crack from Davis and distributed it. Thus, even were we constrained to consider only the offense of conviction, as some circuits and a prior panel of this Court have held, see United States v. Weathers, No. 90-5616 (4th Cir. Nov. 5, 1990) (unpublished), our decision would be the same.
 
 
 6
 We find that no error occurred in the sentencing proceeding. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED